Affirmed and Memorandum Opinion filed October 10, 2006








Affirmed and Memorandum Opinion filed October 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00681-CR

____________

 

RONALD DARNELL CEPHUS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1003667

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for the offense of robbery,
enhanced by a prior conviction of aggravated robbery, appellant contends, in
one issue, that the trial court erred in admitting extraneousBoffense evidence
in violation of article 37.07 of the Texas Code of Criminal Procedure.  We
affirm. 








I.  Factual and Procedural
Background

On August 14, 2004, the complainant, Dianna Ortiz, and her
friend, Melanie Jiannuezzi met at a local clothing store to shop.  Once they
finished shopping, the two women left Ortiz=s car in the
shopping center parking lot and drove Jiannuezzi=s car to another
location to meet a friend.  Around 1:00 a.m., the women returned to Ortiz=s car.  When Ortiz
began to transfer her shopping bags from Jiannuezzi=s car to her own,
a man they did not know drove up in a dark colored Thunderbird automobile.  The
man, whom both women later identified as appellant, stopped directly behind the
womens= parked vehicles. 
Appellant exited his vehicle, and repeatedly yelled, A B----, you know
what you did.@  Ortiz and Jiannuezzi tried to run away, but
appellant caught Ortiz and threw her down onto the ground.  Appellant then took
her bags and purse, and got back into his vehicle and sped away.  Beaten and
bruised, Ortiz left the parking lot in her own vehicle.  She saw a police
officer about five minutes after leaving the parking lot.  Ortiz stopped the
police officer and explained what had happened.  She then stayed with the
officer until her father arrived to drive her home.  

Both Ortiz and Jiannuezzi positively identified appellant
as the perpetrator.  Appellant was arrested and charged by indictment with the
offense of robbery, enhanced by a prior conviction for aggravated robbery. 
Approximately three months before trial, the State filed a notice of intention
to use extraneous offenses, which included three prior convictions. 








During the punishment phase of trial, appellant stipulated
that he had three prior felony convictions for the offenses of aggravated
robbery, robbery, and credit card abuse.  The victims of the two robberies for
which appellant had been convicted testified during the punishment phase.  In
addition, the State also presented evidence of an unadjudicated offense
relating to a robbery that occurred at a discount store in July of 2004, one
month before the instant offense.  The complainant in the case, Christina
Salazar testified that, appellant approached her in the store parking lot and
said, Agive me your
purse, b----.@  According to Salazar, appellant then grabbed her
purse from the shopping basket and fled.  Salazar=s daughter, Mary
Thompson, was a witness to that robbery and also testified.  That offense was
tried shortly before the trial of the instant case and resulted in a hung
jury.    

In the instant case, the jury found appellant guilty of the
charged offense, and found the allegations in the enhancement paragraphs to be
true.  The jury sentenced appellant to seventy-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and assessed
a fine of $7500.00.  

II. Analysis

Appellant claims the trial court erred in the punishment
phase of the trial by allowing Christina Salazar and Mary Thompson to testify
about an unadjudicated extraneous offense because the State had not given
adequate notice under Code of Criminal Procedure article 37.07, section
(3)(g).  This statute reads:

On timely request of the defendant, notice of intent to introduce
evidence under this article shall be given in the same manner required by Rule
404(b), Texas Rules of Evidence.  If the attorney representing the state
intends to introduce an extraneous crime or bad act that has not resulted in a
final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice includes the date on
which and the county in which the alleged crime or bad act occurred and the
name of the alleged victim of the crime or bad act...

 

Tex. Code Crim. Proc. Ann. art. 37.07, ' (3)(g) (Vernon Supp.2003). 
The trial court has broad discretion to admit or exclude extraneous‑offense
evidence.  See Brooks v. State, 76 S.W.3d 426, 435 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (applying this standard to admission of extraneous‑offense
evidence over objection based on article 37.07, section 3(g)=s notice
requirements).








If the trial court erred in admitting the testimony in
dispute, the error is harmless.  Error in admitting evidence due to
insufficient notice under article 37.07, section 3(g) is non‑constitutional
error.  See Roethel v. State, 80 S.W.3d 276, 281 (Tex. App.CAustin 2002, no
pet.) (concluding that error in admitting extraneous‑offense evidence
over objection based on article 37.07, section 3(g)=s notice
requirement is subject to rule‑44.2(b) harmless‑error analysis); Webb
v. State, 36 S.W.3d 164, 178 (Tex. App.CHouston [14 Dist.]
2000, pet. ref=d).  We must disregard any such error that does not
affect a substantial right. Tex. R. App.
P. 44.2(b).  An error affects a defendant=s substantial
rights when the error had a substantial and injurious effect or influence on
the jury=s verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.1997).  If the error had no
or only a slight influence on the verdict, the error is harmless.  See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The statute=s purpose is to avoid unfair surprise and
to enable the defendant to prepare to answer the extraneous‑offense
evidence.  See Roethel, 80 S.W.3d at 282; Nance v. State, 946
S.W.2d 490, 493 (Tex. App.CFort Worth 1997, pet. ref=d); See Wagner
v. State, Nos. 14‑01‑00392‑CR, 14‑01‑00393‑CR,
14‑01‑00394, 2002 WL 31662410, at *5 (Tex. App.CHouston [14 Dist.]
Nov. 27, 200, pet. ref=d) (not designated for publication).  To
determine harm in light of that purpose, we analyze whether and how the notice
deficiency affected appellant=s ability to prepare for the evidence.  Roethel,
80 S.W.3d at 281‑82.  The Austin Court of Appeals has stated the test as
follows: the appellate court examines the record to determine whether the
deficient notice Aresulted from prosecutorial bad faith@ or Aprevented the
defendant from preparing for trial.@  The latter
inquiry includes whether the defendant was surprised by the substance of the
evidence and whether the lack of notice affected his ability to prepare cross‑examination
or mitigating evidence.  Id. at 282.








We find no indication of bad faith in the State=s failure to
provide notice of the extraneous offense.  Although the State=s notice did not
meet the requirements of article 37.07 ' 3(g), there is no
indication from the record that the omission was intended to mislead appellant
or prevent him from preparing a defense.  Nor was appellant surprised by the
substance of the testimony.  The record reflects that defense counsel knew of
the prior offense.  There is evidence in the record that although the trial of
this offense resulted in a hung jury, the case went to trial shortly before the
trial in this case and appellant cross-examined the witnesses at that time. 
Although appellant is correct in asserting that simply because he might have
known about the extraneous acts does not mean he has been given notice of the
State=s intent to use
the evidence, or that he is properly prepared to defend against them, the
record does not show that appellant was unable to prepare his defense in this
case or that the State=s failure to include the extraneous
offense in its pre-trial notice prejudiced appellant=s ability to
present his defense.  Also, there is evidence that appellant cross-examined the
same witnesses in the prior trial of the extraneous offense.   








Appellant has failed to make any showing of how his defense
strategy might have been different had the State notified him that it intended
to offer this extraneous offense during punishment, or how his defense was Ainjuriously@ affected by the
State=s failure to
provide reasonable notice.  See Hernandez v. State, 176 S.W.2d 821, 825B26 (Tex. Crim.
App. 2005) (concluding that erroneous admission of other‑crimes evidence,
as to which state had not provided notice under rule of its intent to use in case‑in‑chief,
was not Ainjurious,@ because defendant
could not be said to have been surprised by the evidence or unprepared to meet
it); Hindaoui v. State, No. 14-04-00836, 2006 WL 299528, at *3 (Tex.
App.CHouston [14 Dist.]
Feb. 09, 2006, no pet.) (not designated for publication) (concluding no harm
when appellant did not show that his trial strategy would have been altered if
he had received notice).  Indeed, appellant=s counsel had an
adequate opportunity to cross-examine both Christina Salazar and Mary Thompson
at the punishment hearing.  See McDonald v. State, 179 S.W.3d 571, 578
(Tex. Crim. App. 2005) (concluding that no harm resulted because, among other
reasons, the defendant had an opportunity to cross-examine the witness and
attempt to discredit her, and finding that had there been legitimate surprise
which would have altered his trial strategy, the defendant could have requested
a continuance).  In addition, appellant=s counsel, during
closing argument at the punishment hearing, spent a substantial amount of time
discussing the incident involving Salazar, and its differences from the instant
offense, including the problems regarding identification of appellant as the
assailant in this offense.  By way of contrast, the State did not emphasize the
offense involving Salazar during its closing, but rather, focused on the
brutality of the instant offense and appellant=s previous
convictions for robbery.  See Reyes v. State, 69 S.W.3d 725, 742B43 (Tex. App.CCorpus Christi
2002, pet. ref=d) (concluding that the erroneous admission of the
extraneous-offense evidence had a substantial and injurious effect on the jury=s verdict given
the fact, that among other reasons, the state relied on this evidence heavily
in its final argument).  Although the better practice is for the State to give
notice as mandated by the Legislature, under the facts of this case, appellant
was not harmed by the lack of notice.  See Wagner, 2002 WL 31662410, at
*5.

Even considering the error from an overall substantive
standpoint, the admission of this extraneous-offense evidence was not harmful
in any other manner.  The crimes against Ortiz and Jiannuezzi were particularly
violent, and the record contained other evidence demonstrating that it was not
the first time appellant had been convicted of a violent crime.  Indeed, at
punishment, the State also offered evidence of two other robbery convictions
(one aggravated), to which appellant stipulated.  Unlike the extraneous offense
involving the Salazar robbery, the instant offense and the two previous
convictions involved injuries to the complainants.  The record contains ample
evidence to support the sentence the jury assessed.  See Allen v. State, BS.W.3d.B, No. 2-04-358-CR,
2006 WL 2382915, at *5  (Tex. App.BFort Worth Aug.
17, 2006, no pet. h.) (concluding that the admission of the extraneous-offense
evidence did not effect a substantial right because, among other reasons, the
evidence that the defendant committed the charged offense was overwhelming).








The admission of the complained‑of extraneous
offense, did not have a substantial and injurious effect or influence on the
verdict.  See King, 953 S.W.2d at 271.  Therefore, any error by the
trial court in admitting evidence of this offense was harmless.  Accordingly,
we overrule appellant=s sole issue, and affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed October 10, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).