In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00083-CR


______________________________




MARLA BAILEY MCCORD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2005-F-00052




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Marla Bailey McCord, after a long day of looking at houses with her friend Janice Wellborn
(who was looking for a new home for her family), and after Wellborn brought her back to her home,
assaulted Wellborn with a baseball bat she had been using as a crutch. McCord began apologizing
profusely, went in her house, and brought a towel out to staunch the bleeding. However, when
Wellborn again attempted to leave--this time to go to the emergency room for treatment for a broken
elbow, injured ribs, hand, and head--McCord got into the back seat of the car with a knife and cut
her throat. McCord pled guilty to aggravated assault, and a jury assessed her punishment at fifteen
years' imprisonment and a $2,500.00 fine.

 McCord claimed to be nine months pregnant with twins and claimed that labor was to be
induced the next day. She had been vomiting throughout the day, and Wellborn testified she had
been quite worried about McCord. When McCord appeared at the hospital, it was determined she
was not and had not been pregnant. There was a suggestion she had miscarried at home before being
taken to the hospital, but a medical examination revealed nothing to suggest she had miscarried near-term twins--or that she had been pregnant at all.

 On appeal, McCord contends that evidence of the knife and throat cutting was improperly
admitted at the punishment trial because it was an extraneous offense--and although McCord had
asked for notice of the intent to introduce such evidence, the State provided none. McCord's
argument is based on Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006), which requires
that notice of intent to introduce such evidence is to be provided as required by Tex. R. Evid. 404(b). 
The rule allows admission of such evidence:

 provided that upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial of intent to introduce in the State's case-in-chief such
evidence other than that arising in the same transaction.

Id. McCord requested notice and argues that no adequate notice was provided. The State argues it
gave McCord and her counsel copies of the State's file containing a copy of the offense report and
witness statements, as well as reports of the investigating agencies of both the attack by bat and the
attack by knife--and photographs of Wellborn's throat after being treated. The record does not
confirm that statement, although the prosecutor did state at one point that the office had an open file
policy. (1)
 

 McCord argues she could not have known the State's intention because she was originally
charged both with this offense and with attempted murder, and the State dropped the attempted
murder charge, but then used the facts surrounding that charge during the punishment proceeding. 
Counsel's objection to the admission of such evidence was overruled, and he obtained a running
objection to evidence on this topic at the end of the plea proceeding. 

 However, the objection raised at that point does not comport with the point of error raised
on appeal. At the end of the plea proceeding, counsel objected and argued the State was doing
nothing more than trying to punish McCord for a charge that the State had dismissed.

 To preserve error for appellate review, the complaining party must make a timely, specific
objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The objection must be
made at the earliest possible opportunity. Id. The complaining party must obtain an adverse ruling
from the trial court. Tex. R. App. P. 33.1. Finally, the point of error on appeal must correspond to
the objection made at trial. Wilson, 71 S.W.3d at 349.

 In this situation, the final problem is dispositive of this issue. No complaint was ever made
to the trial court about lack of notice. In the absence of providing the trial court with an opportunity
to consider that matter, it has not been adequately preserved for our consideration on appeal. The
contention of error is overruled.

 McCord also contends the trial court erred by failing to grant her motion for a mistrial after
discovering the State had failed to timely reveal evidence of a prior inconsistent statement by State's
witness Tracy Bailey. The record shows that Bailey talked to McCord's husband shortly after the
supposed miscarriage and offered to come to their house to clean up the blood. Bailey testified that
there was very little blood to be seen and that she was expecting much more. On cross-examination,
she stated she had given the police a statement. After discussion with the prosecutor, who began
looking for such a statement, it ultimately became apparent that a videotape of the statement existed,
but that it had not been transcribed. Both the State and the court agreed that the defense was entitled
to the tape, and the State's attorney explained that she thought all of the various statements had been
copied onto one tape, but that this one had been omitted. Bailey was the last witness for the day, and
the trial court directed the State to give the tape to the defense so it could be reviewed overnight in
preparation for the next day's activities. 

 Defense counsel then moved for a mistrial based on the withholding of the evidence of the
statement. The court overruled the motion and ended the trial for that day. The next morning, a
portion of the videotape was played. Defense counsel then cross-examined Bailey, pointing out
differences between her testimony at trial that she had seen some blood on a toilet seat and on
McCord's pajama bottoms, with her statement to police that she had looked but found nothing. She
explained that she meant she did not find what she had expected to find.

 In order to ensure the accused a fair trial, the State has an affirmative duty under the Due
Process Clause of the Fourteenth Amendment to provide exculpatory or impeachment evidence
favorable to the defendant which is material either to guilt or to punishment. Thomas v. State, 841
S.W.2d 399, 407 (Tex. Crim. App. 1992) (citing Brady v. Maryland, 372 U.S. 83, 87-88 (1963));
see also Palmer v. State, 902 S.W.2d 561, 562-63 (Tex. App.--Houston [1st Dist.] 1995, no pet.). 
In order to establish a due-process violation under Brady, a defendant must show: (1) evidence was
suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed
evidence was material to either guilt or punishment. Fox v. State, 175 S.W.3d 475, 490 (Tex.
App.--Texarkana 2005, pet. ref'd). Favorable evidence is "material" if there is a reasonable
probability (i.e., a probability sufficient to undermine confidence in the outcome of trial) that, had
the evidence been disclosed to the defense, the result of the proceeding would have been different. 
Thomas, 841 S.W.2d at 404. Even assuming the videotape evidence was favorable to McCord's
case, when Brady material is discovered during trial, the initial inquiry is whether the appellant was
prejudiced by the delayed disclosure. Palmer, 902 S.W.2d at 565. "[A] defendant's conviction
should not be reversed simply because it [the Brady material] was not disclosed as early as it might
have and, indeed, should have been." Id. If the evidence was turned over in time for the defendant
to use it in his or her defense, the defendant's Brady claim fails. Little v. State, 991 S.W.2d 864, 866
(Tex. Crim. App. 1999). If the defendant received the material in time to use it effectively at trial,
his or her conviction should not be reversed just because it was not disclosed as early as it might
have and should have been. Id. 

 Here, the videotape was discovered and produced to defense counsel at the end of the first
day of trial. The next morning, the defense played the videotape statement to the jury and was then
allowed to recall Bailey to further cross-examine her concerning the contents of the statement. 
Therefore, McCord was able to effectively use the statement during the trial; consequently, the Brady
claim fails. See Little, 991 S.W.2d at 866. 

 The contention of error is overruled.

 We affirm the judgment.

 

 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: April 4, 2007


Do Not Publish

1. The rule requires "reasonable" notice. Hayden v. State, 66 S.W.3d 269, 272 (Tex. Crim.
App. 2001). An "open file" policy, by itself, is not sufficient to comply with the rule's notice
requirement. Buchanan v. State, 911 S.W.2d 11, 14-15 (Tex. Crim. App. 1995); Allen v. State, 202
S.W.3d 364, 367 (Tex. App.--Fort Worth 2006, pet. ref'd).