

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00128-CR

---

THOMAS RUCKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 85th District Court
Brazos County, Texas[1]
Trial Court No. 17-04708-CRF-85, Honorable Kyle Hawthorne, Presiding

---

August 25, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Thomas Rucker, entered an open plea of guilty to the offense of having an improper relationship between an educator and a student.[2]  Following a punishment hearing, the trial court sentenced appellant to confinement for a period of four years in

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 21.12(a)(1) (West 2019).

the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals the sentence. We affirm the trial court's judgment.

## Factual and Procedural Background

Appellant, a teacher at A&M Consolidated High School in College Station, was indicted for the offense of improper relationship between an educator and a student. Prior to his trial, appellant filed a request for the State to disclose extraneous matters it intended to introduce at trial. In its response, the State identified five alleged acts, including a sexual encounter with S.S. However, the State did not identify any alleged bad acts involving C.W. and M.G.

At trial, appellant pled guilty to the offense of having an improper relationship with a student. Appellant admitted that he had a sexual encounter with S.S., an eighteen-year-old A&M Consolidated student at the time of the encounter.

Subsequently, the trial court held a bench trial on punishment. During the hearing, the State offered the testimony of five former A&M Consolidated students, including S.S. The testimony of these students indicated that appellant flirted with and touched students other than S.S. This evidence included the testimony of C.W. and M.G., who were not identified in the State's notice of extraneous matters it intended to introduce at trial. C.W. testified that appellant texted her while she was a student and touched her legs and butt on one occasion when she was the only student in the classroom. M.G. testified that appellant had a reputation for being flirty with students and that he once asked her to go on an overnight field trip with him. S.S. testified that she and appellant had sex five to ten times while she was a high school student. At the end of the hearing, the trial court

2

sentenced appellant to four years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed notice of appeal.

By his appeal, appellant presents three issues. His first issue contends that the State's failure to provide the requisite notice of its intent to introduce the testimony of C.W. and M.G. fundamentally deprived appellant of a fair punishment hearing. By his second issue, appellant contends that article 37.07, section 3(g) of the Texas Code of Criminal Procedure is so overbroad that it deprives defendants of their constitutional due process rights. Finally, appellant's third issue contends that his four-year prison sentence is grossly disproportionate to similarly convicted parties.

## Issue One: Extraneous Acts in Punishment

By his first issue, appellant contends that the State's failure to give notice of its intent to introduce certain evidence of appellant's extraneous bad acts after the same was properly requested by appellant deprived appellant of a fundamentally fair punishment hearing. The State responds that appellant failed to object to the offer of this evidence, any error in admission of the evidence is not fundamental error, and any error was harmless.

Evidence of extraneous crimes or bad acts is admissible in punishment if the act is proven beyond a reasonable doubt to have been committed by the defendant. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020). However, upon timely request by the defendant, the state must give notice of its intent to introduce evidence of extraneous bad acts. *Id.* art. 37.07, § 3(g). Notice of bad acts not resulting in a final conviction is reasonable only if the notice includes the date on which and the county in

3

which the alleged bad act occurred and the name of the alleged victim. *Id.* The purpose of article 37.07, section 3(g) is to avoid unfair surprise and enable a defendant to prepare to meet the evidence of extraneous bad acts. *Green v. State*, 589 S.W.3d 250, 263-64 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd); *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.) (op. on reh'g).

Appellant contends that the trial court erred by admitting the testimony of C.W. and M.G. because the State failed to give any notice of this evidence in response to appellant's request. However, appellant failed to preserve his right to complain about this lack of notice by objecting on this basis at the beginning of the punishment hearing or when the State called C.W. and M.G. to testify. *See Roethel*, 80 S.W.3d at 280 ("appellant's failure to object that the State did not give notice of more than one extraneous offense prevents him from raising this complaint on appeal"); *Fuller v. State*, No. 05-96-00607-CR, 1997 Tex. App. LEXIS 6727, at *6 (Tex. App.—Dallas May 26, 1997, no pet.) ("Because appellant did not object to the State's failure to give him notice of its intent to use the extraneous offense evidence, either at the pretrial hearing or later when the State introduced the complained-of evidence, we conclude appellant has failed to preserve this complaint for our review."). Appellant's failure to timely object to the State's lack of notice of extraneous bad acts evidence that it subsequently offered during the punishment hearing prevents appellant from raising this complaint on appeal.

Appellant contends that the case law relied on by the State and cited above has been overruled by the United States Supreme Court in *United States v. Haymond*, 139 S. Ct. 2369, 2378, 204 L. Ed. 2d 897 (2019). *Haymond* addresses due process implications

4

when a defendant, who was placed on supervised release after having been found guilty of possessing child pornography, is given an additional punishment based on the trial court's determination by a preponderance of the evidence that he had engaged in additional instances of possession of child pornography. *Id.* at 2374, 2378-79. We do not read *Haymond* as impacting appellant's obligation to object to the admission of the unnoticed evidence presented during punishment. Unlike *Haymond*, appellant was not confronted with the possibility of a greater sentence if he was found guilty of committing additional acts of having inappropriate relationships with students. Rather, the trial court was presented with additional evidence that, if found to be true beyond a reasonable doubt, would guide the trial court in assessing appellant's punishment within the range applicable to the offense for which appellant pled guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). That evidence could not, however, increase the potential punishment or range of punishment appellant faced. Therefore, we do not agree with appellant that *Haymond* vitiates a defendant's obligation to timely object to the offer of punishment evidence that was not disclosed in violation of article 37.07, section 3(g) of the Texas Code of Criminal Procedure.

Appellant also contends that the trial court's admission of C.W. and M.G.'s testimony constitutes fundamental error for which appellant need not object. Error in admitting extraneous bad acts evidence when the State fails to comply with the notice requirements of article 37.07, section 3(g) is statutory, not constitutional error. *Delacerda v. State*, No. AP-77,078, 2021 Tex. Crim. App. Unpub. LEXIS 348, at *107 (Tex. Crim. App. June 30, 2021) (not designated for publication). Thus, the State's violation of article 37.07, section 3(g)'s notice requirement is not fundamental error and must be assessed

5

for harm. *Id.* The failure to provide reasonable notice in compliance with the statute "does not render the evidence inherently unreliable, but instead raises a question about the effect of procedural noncompliance." *Id.* (quoting *Roethel*, 80 S.W.3d at 282). The purpose of the notice requirement is to avoid unfair surprise and enable a defendant to prepare to meet the extraneous act evidence. *Id.*; *Mann v. State*, No. 04-19-00098-CR, 2020 Tex. App. LEXIS 1341, at *8-9 (Tex. App.—San Antonio Feb. 19, 2020, no pet.) (mem. op., not designated for publication) (citing *Roethel*, 80 S.W.3d at 282).

We disregard non-constitutional errors that do not affect a defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005). A substantial right is affected if the error had a substantial and injurious effect or influence in determining the jury's verdict. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). In the context of inadequate notice under article 37.07, section 3(g), we assess harm in light of the statute's purpose, which is to prevent surprise and enable the defendant to prepare to meet the undisclosed evidence. *McDonald*, 179 S.W.3d at 578; *Roethel*, 80 S.W.3d at 282. "A defendant may demonstrate surprise by showing how his defense strategy might have been different had the State explicitly notified him that it intended to offer the extraneous-offense evidence." *Allen v. State*, 202 S.W.3d 364, 369 (Tex. App.—Fort Worth 2006, pet. ref'd) (op. on reh'g).

The record before us does not reflect that appellant was so surprised that he was unable to defend against the undisclosed evidence. As previously indicated, appellant did not raise any objection to the unnoticed evidence during the punishment hearing. If there had been legitimate surprise that caused appellant to reevaluate his trial strategy

6

during the punishment phase, appellant should have requested a continuance to allow him to prepare to meet the evidence. *McDonald*, 179 S.W.3d 578; *Green*, 589 S.W.3d at 266; *see Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. [Panel Op.] 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise."). "Absent a motion for continuance or the identification, either in the trial court or on appeal, of how the defense's strategy would have changed, we are precluded from holding that, even if there was error in the admission of the evidence, the error was harmful." *Requena-Castaneda v. State*, No. 10-17-00125-CR, 2018 Tex. App. LEXIS 8262, at *12 (Tex. App.—Waco Oct. 10, 2018, no pet.) (citing *Lara v. State*, 513 S.W.2d 135, 144 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Because appellant did not request a continuance in light of the undisclosed testimony from C.W. and M.G., we cannot conclude that appellant was surprised by this testimony. Further, in the absence of appellant identifying how his strategy would have changed if the evidence had been properly disclosed, we find the error harmless.

For the foregoing reasons, we overrule appellant's first issue.

Issue Two: Constitutionality of Article 37.07

By his second issue, appellant challenges the constitutionality of article 37.07 of the Texas Code of Criminal Procedure as denying him his right to due process under the law because it deprives defendants of their right to an indictment, allows evidence to be introduced under a lower evidentiary standard, and provides a "relaxed" standard for determining the defendant's guilt.

7

In the present case, appellant did not raise any constitutional objection to article 37.07, section 3(g) before the trial court or by way of a motion for new trial. Under the rules of appellate procedure, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling. Tex. R. App. P. 33.1. Constitutional challenges to a statute are generally forfeited by a failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995) (en banc). A defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *Hogan v. State*, No. 10-19-00129-CR, 2020 Tex. App. LEXIS 1620, at *2 (Tex. App.—Waco Feb. 26, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)). Accordingly, because appellant did not challenge the constitutionality of the statute before the trial court, he has failed to preserve his alleged constitutional violation for appellate review. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.").

Because appellant has not preserved his complaint, we overrule his second issue.

Issue Three: Disproportionate Sentence

By his third issue, appellant contends that the sentence he was assessed is grossly disproportionate to the crime for which he was convicted. The State contends that appellant waived this argument by failing to object prior to his appeal.

8

Preservation of a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment requires the defendant to present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.); *Sample v. State*, 405 S.W.3d 295, 303-04 (Tex. App.—Fort Worth 2013, pet. ref'd). Appellant, in the present case, did not specifically object in the trial court or by motion for new trial that the sentence imposed by the trial court was disproportionate to the charged offense or in violation of his constitutional rights. Consequently, appellant has failed to preserve this complaint for our review. *See Smith*, 721 S.W.2d at 855; *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Concluding that appellant has not properly preserved this issue for presentation in this appeal, we overrule appellant's third issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

9